**Marieli CESTARI–CUENCA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–72134.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioners.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Michele Yvette Frances Sarko, Esquire, Civil Division/Office of Immigration Litigation, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Marieli Cestari–Cuenca, and her husband, natives and citizens of Venezuela, petition for review of the Board of Immigration Appeals' ("BIA") order denying both their motion to reopen and motion to reconsider the BIA's underlying order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

abuse of discretion the denial of both motions. *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's prior order dismissing Cestari–Cuenca's direct appeal from the IJ's decision because she failed to file a timely petition for review of that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

Cestari–Cuenca has forfeited any challenge to the BIA's denial of the motion to reconsider because she failed to raise any argument related to the BIA's basis for denying the motion. *See id.* at 1260.

The BIA did not abuse its discretion in denying Cestari–Cuenca's motion to reopen because Cestari–Cuenca failed to set forth new facts or present new evidence. *See* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**